## D. H. HALL *v.* SOUTHERN EXPRESS COMPANY.

[53 South. 784.]

EXPRESS COMPANY. *Failure to deliver shipment. Damages.*

An express company which without excuse fails to promptly deliver a shipment is liable for actual damages.

APPEAL from the circuit court of Union county.

HON. W. A. ROANE, Judge.

Appellant, D. H. Hall, had a piece of machinery shipped to him at New Albany, Mississippi, through the Southern Express Company, appellee, as carrier from Memphis, Tennessee. The machinery arrived at New Albany in due time, but was not delivered to Hall although he called for it several times. Finally Hall being unable to locate the machinery and despairing of recovering it, went to Memphis for other machinery, to supply the missing shipment, and sent several telegrams in regard to it.

Hall sued the Southern Express Company for damages for failing to deliver the shipment. After plaintiff had introduced his testimony on the trial below showing

the above facts, the court excluded the testimony and
gave a peremptory instruction to the jury to find for the
defendant, which they accordingly did and plaintiff
appealed.

*LeRoy Kenneday,* for appellant.

. The opinions rendered in *Hadley* v. *Baxendale,* and
that of *R. R. Co.* v. *Ragsdale,* 46 Miss. 458, or the *Ex-
press Co.* v. *Jennings,* do not authorize, or even squint
at the right of a common carrier to withhold goods from
the consignee for want of notice of special conditions,.
etc.; these cases decide (and properly so too) that special
circumstances, or conditions surrounding, or attending
the shipment of goods should be disclosed by the shipper
at the time of shipment so that they might be considered
by the parties in making the contract for carriage, etc.
Where, however, notice of. such circumstances as will
cause special damage has been given to the carrier even
after the contract of carriage has been performed, and
after the goods have arrived at destination and are
ready for delivery, the carrier will be liable for such
special damages if he negligently fails to deliver the
goods to the consignee, etc.    See Hutchinson's Car-
riers, vol. 3, page 1626, § 1368, and authorities to note.
Cyc., vol. 6, page 447, and note, etc.    Certainly we are
entitled to recover in some amount; the goods were
delayed and the defendant company caused the delay,.
or loss, or at least caused us to believe they were lost
and so believing we made several efforts to discover
their whereabouts, sent several telegrams, made a trip
to Memphis and expended several dollars in looking
for the goods, while the goods were at the time in the
office at New Albany awaiting delivery, a simple state-
ment to that effect would have saved all the expense
incurred by appellant, as well as saved the expense of a.
vain trip to Memphis, an idle mill, with hands, teams,
etc., to be paid in the meantime; under such circum-

stances the defendant is liable for these expenses, the result, pure and simple of the grossest kind of negligence. See 3d Hutch. on Carriers, page 1619, § 1366, and note.

The reporter finds no brief for appellee on file.

McLAIN, C.

This is an appeal from the circuit court of Union county.

This suit was filed against the Southern Express Company for damages for its alleged negligence in not delivering promptly a certain piece of machinery. On the trial below, the circuit judge gave a peremptory instruction in favor of defendant. Upon an inspection of this record, we are of the opinion that the question of actual damages should have been submitted to the jury, and we think the case should be reversed and remanded.

*Reversed and remanded.*

PER CURIAM. For reasons above set forth by the Commissioner, the judgment is reversed and the cause remanded.